# JURY INSTRUCTIONS

| Instruction Title | Authority |
|---|---|
| Introduction to the Final Charge—Province of The Court and of The Jury | 1A Fed. Jury Prac. & Instr. § 12:01 (6th ed.) |
| Judging the Evidence | *Id.* at § 12:02 |
| Evidence Received in the Case—Stipulations, Judicial Notice, and Inferences Permitted | *Id.* at § 12:03 (modified below) |
| Direct and Circumstantial Evidence | *Id.* at § 12:04 |
| Inferences from the Evidence | *Id.* at § 12:05 |
| Court's Comments on Certain Evidence | *Id.* at § 11.06 |
| Jury's Recollection Controls | *Id.* at § 12:07 |
| The Question is Not Evidence | *Id.* at § 12:08 |
| Consider Only the Offense Charged | *Id.* at § 12:09 |
| Presumption of Innocence, Burden of Proof, Reasonable Doubt | *Id.* at § 12:10 (modified below) |
| Consider Each Count Separately | *Id.* at § 12:12 |
| Consider Each Count and Each Defendant Separately | *Id.* at § 12:13 |
| Objections and Rulings | *Id.* at § 11:03 |
| Court's Questions to Witnesses | *Id.* at § 11:05 |
| The Indictment is Not Evidence | *Id.* at § 13:04 |
| Statement or Conduct of a Defendant | *Id.* at § 14:03 |
| Statement or Conduct of a Defendant—Multiple Defendants | *Id.* at § 14:04 |
| Number of Witnesses is not Controlling | *Id.* at § 14:16 |
| Credibility of Witnesses—Generally | *Id.* at § 15:01 |

| | |
|---|---|
| Credibility Of Witnesses – Law Enforcement | 1 Modern Federal Jury Instructions-Criminal P 7.01, ¶7-16 |
| Opinion Evidence—The Expert Witness | 1A Fed. Jury Prac. & Instr. at § 14:01 |
| Credibility of Witnesses¬—Prior Inconsistent Statements | *Id.* at § 15:06 |
| Credibility of Witnesses—Conviction of Felony | *Id.* at § 15:07 |
| Motive—Explained | *Id.* at § 17:06 |
| Effect of the Defendant's Decision Not to Testify | *Id.* at §15:14 |
| "On or About" – Explained | *Id.* at § 13:05 |
| "Knowingly"—Defined | *Id.* at § 17:04 |
| "Willfully" – Defined | *Id.* at § 17.05 |
| Proof of Knowledge or Intent | *Id.* at § 17:07 |
| Specific Investigation Techniques Not Required | Modern Federal Jury Inst. 3d Cir. Pattern Inst. 4.14 (modified below) |
| Rule 404(b) Evidence | Horn's Fed. Crim. Jury Inst. For 4th Cir. § 4.13 (provided below) |
| Proof May Be Disjunctive | See below. |
| Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court | 1A Fed. Jury Prac. & Instr. at § 20:01 (modified below) |

**Evidence Received In The Case – Stipulations, Judicial Notice, And Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them – all exhibits received in evidence – regardless of who may have produced them – all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

If the court declares that it has taken judicial notice of some fact or event, you may accept the court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

I instruct you that you must presume the Defendants to be innocent of the crimes charged. Thus the Defendants, although accused of crimes in the Indictment, begins the trial with a “clean slate” – with no evidence against them. The Indictment, as you already know, is not evidence of any kind. The Defendants are, of course, not on trial for any act or crime not contained in the Indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a Defendant. The presumption of innocence alone, therefore, is sufficient to acquit the Defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a Defendant for the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The Defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government. It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.

Unless the government proves, beyond a reasonable doubt, that the Defendants have committed each and every element of the offenses charged in the Indictment, you must find the Defendants not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt–the jury must, of course, adopt the conclusion of innocence.

**Specific Investigation Techniques Not Required**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case.

**<u>Rule 404(b) Evidence</u>**

You have heard evidence that a defendant engaged in certain misconduct in the past. The law allows this kind of evidence for certain limited purposes. For example, such evidence may be properly considered to prove a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Please keep in mind the limited purpose for which this evidence was admitted. Most importantly, do not conclude from this evidence that if or because a defendant allegedly engaged in past misconduct, that they are more likely to have committed the crimes with which they are now charged

**Proof May Be Disjunctive**

The court instructs the jury that although the Indictment may charge the defendants with committing an offense in several ways, using conjunctive language (that is, “and”), it is sufficient if the government proves the offense in the disjunctive (that is, “or”). That is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.

Therefore, I instruct you that it is not necessary for the government to prove that the defendants did each of those things, named in that particular count of the Indictment. It is sufficient if the government proves beyond a reasonable doubt that the defendants did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed by the defendants, and that every element of the offense has been proven beyond a reasonable doubt.

**<u>Verdict – Election Of Foreperson – Duty To Deliberate – Unanimity – Punishment – Form Of Verdict – Communication With The Court</u>**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the forms, date and sign the forms, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.